IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Miguel Zarco, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| United States of America, | ) | Case No. 3:21-cv-223 |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Miguel Zarco, | ) | Case No. 3:16-cr-145 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Miguel Zarco's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and related motion to appoint counsel, both filed on December 23, 2021. Doc. Nos. 131, 132. The Government filed a response on February 14, 2022. Doc. No. 134. Zarco replied on March 21, 2022. Doc. No. 136. For the reasons set forth below, Zarco's motions are denied.

**I.  BACKGROUND**

The issue before the Court centers on whether Zarco timely filed his Section 2255 motion and, if did not, whether the Court may accept his untimely submission pursuant to the doctrine of equitable tolling. In June of 2017, a jury convicted Zarco of conspiracy to possess with intent to distribute and distribute a controlled substance in violation of 21 U.S.C. § 846. See Doc. Nos. 1, 76. Zarco was sentenced to the mandatory minimum sentence of 120 months imprisonment and

five years of supervised release on November 6, 2017. Doc. No. 101. That same day, Zarco filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit.[1] Doc. No. 104. On February 7, 2019, the Eighth Circuit entered its judgment, affirming the district court. Doc. No. 116. The Eighth Circuit entered a formal mandate on March 6, 2019, and Zarco did not appeal. Doc. No. 117.

On March 14, 2019, Zarco filed a motion to appoint counsel for post-conviction review under 28 U.S.C. § 2255. Doc. No. 118. The Court denied this motion on March 19, 2019, because Zarco had yet to file a Section 2255 motion, among other things. Doc. No. 119. On April 6, 2020, Zarco filed a motion for extension of time to file a Section 2255 motion and a motion for transcripts. Doc. Nos. 122, 123. The Court denied the motions on April 14, 2020, specifically noting that it "declines to consider the timeliness of a Section 2255 motion until it is actually filed" and, as such, the Court "will consider the timeliness of any Section 2255 motion if, or when, it is filed." Doc. No. 124. Zarco filed another motion for extension of time on April 24, 2020. Doc. No. 125. The Court again denied Zarco's motion. Doc. No. 126.

On May 29, 2020, Zarco filed a motion for transcripts requesting, in part, "for protected order on discovery to be lifted in order to review printed material for filing a 2255 motion." Doc. No. 127. Zarco further noted that he "would need such material to file effective 2255 that is accurate and well prepared or it would be easily rejected thereby not allowing for future relief on such a motion." Id. This motion was granted in part and denied in part by the Court on June 1, 2020. Doc. No. 128.

---

[1] Zarco filed an amended notice of appeal on November 7, 2017. Doc. No. 107.

Ultimately, Zarco filed his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and motion to appoint counsel on December 23, 2021 (though the documents are dated December 14, 2021). Doc. Nos. 131, 132. In his motion, Zarco argues the applicable one-year statute of limitation does not bar his motion because of the doctrine of equitable tolling.

## II.   STANDARD OF REVIEW

A prisoner in custody may move the court which imposed his sentence to vacate, set aside or correct the sentence on the ground that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

## III.   LEGAL DISCUSSION

### A.   Timeliness

28 U.S.C. § 2255(f) requires a movant to file a motion within one year of the judgment becoming final. Specifically, the statute reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As well-stated by the United States Supreme Court, "for the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522 (2003). Under the Rules of the Supreme Court of the United States, a petition for a writ of certiorari to review is timely filed when it is filed within 90 days after the entry of the judgment. Sup. Ct. R. 13(1).

The trial court judgment in this case was dated on November 3, 2017. Doc. No. 101. Zarco appealed, and the Eighth Circuit Court of Appeals entered a judgment affirming Zarco's conviction on February 7, 2019. Doc. No. 116. A formal mandate was issued on March 6, 2019. Doc. No. 117. Zarco did not pursue a writ of certiorari. Therefore, for the purpose of Section 2255's one-year limitation period, the clock starts 90 days after the judgment of the Court of Appeals was entered, which was on February 7, 2019. Doc. No. 101. Ninety days after November 3, 2017, is May 8, 2019. Accordingly, the one-year limitation for Zarco's Section 2255 motion began on May 8, 2019, and expired May 7, 2020. Zarco's motion, however, is dated December 14, 2021—approximately 19 months after the limitations period expired. Accordingly,

Zarco's motion is untimely and must be dismissed, unless some other statutory provision or equitable tolling applies.

B.     **Statutory Provisions of 28 U.S.C. § 2255(f)(2-4)**

The one-year period within which to file a Section 2255 motion may, in an appropriate case, begin on the date on which an impediment to making the motion is removed. 28 U.S.C. § 2255(f)(2). For this provision to apply, the impediment must have been "created by governmental action in violation of the Constitution or laws of the United States" and the movant must have been "prevented from making a motion by such governmental action." Id. The one-year period within which to file may, in an appropriate case, begin on the date on which an asserted right was initially recognized by the United States Supreme Court, "if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The one-year period within which to file a Section 2255 motion may also, in an appropriate case, begin on the date "on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Zarco's Section 2255 motion alleges no facts supporting any of these grounds which would have extended the limitations period. Zarco points to no evidence that the Government impeded or prevented him in any way from timely filing his motion. Zarco alleges no right newly recognized by the United States Supreme Court made retroactive applicable to his case which might support an extension of time to file his motion. Nor does Zarco allege that he recently discovered new facts supporting his claims or that the factual predicates for his claims could not have been discovered through the exercise of due diligence within the limitations period. Consequently, the Court finds there is no factual basis to find that any of the Section 2255(f)(2)-

(4) statutory provisions extend the one-year filing period beyond the date Zarco's conviction became final.

      C.      **Equitable Tolling**

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a Section 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001); United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). And equitable procedures will not be applied if the habeas movant has not diligently pursued his rights. Frinch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007). Stated another way, the "the one-year limitations period may be equitably tolled when a movant establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Anderson v. United States of America, No. 4:21-CV-1472 RWS, 2022 WL 670124, at *2 (E.D. Mo. Mar. 7, 2022) (citing first Pace v. DiGugliemo, 544 U.S. 408, 418 (2005); then Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003); and then Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)).

The use of equitable procedures should be infrequent. See Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002). Indeed, "[e]quitable tolling is an exceedingly narrow window of relief." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005).

As to equitable tolling, Zarco argues that he diligently pursued his rights as evidenced by his filing of his direct appeal and that the COVID-19 pandemic was an extraordinary circumstance. Doc. No. 131, p. 11. True enough, some courts seem to recognize that the "COVID-19 pandemic could—in certain circumstances—conceivably warrant equitable tolling." United States v. Haro, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). "However, movant is not

relieved of the obligation to demonstrate he was pursuing his rights diligently, and would have timely filed if not for pandemic-related obstacles." Scott v. United States, No. 4:21-CV-838-RWS, 2021 WL 3910766, at *2 (E.D. Mo. Sept. 1, 2021), motion for relief from judgment denied, No. 4:21-CV-838-RWS, 2021 WL 4819582 (E.D. Mo. Oct. 15, 2021). "The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." United States v. West, No. 4:18-CR-737, 2022 WL 44670, at *4 (N.D. Ohio Jan. 5, 2022) (emphasis in original) (internal citation omitted).

After careful review, the Court finds Zarco's arguments for equitable tolling unpersuasive. As to diligently pursuing his rights, Zarco argues that he "diligently but ineffectively" sought council for Section 2255 review through "a motion filed one month after judgment in appellate court." Doc. No. 136, p. 2. Zarco further asserts that he "again diligently filed a motion April 6th 2020 requesting an extension his § 2255 deadline." Id. Indeed, Zarco filed several motions in his case, beginning in March of 2019 and continuing through May of 2020. See Doc. Nos. 118, 122, 123, 125, 127. However, Zarco fails to explain why he could not file the Section 2255 motion itself, especially considering these other motions.

Zarco attempts to cure these deficiencies by arguing that because of COVID-19, "[l]aw library and access to sending outgoing mail was non-existent." Doc. No. 136. Nevertheless, as well-stated by the United States District Court in the Eastern District of Missouri:

> this United States District Court and others have rejected requests for equitable tolling premised upon pandemic-related lockdowns and lack of law library access when there was no evidence the prisoner diligently pursued his right to file a § 2255 motion prior to the lockdown. See Mims v. United States, 2021 WL 409954, at *3 (E.D. Mo. Feb. 5, 2021) (a claim of inability to access a law library due to a COVID-19 lockdown was insufficient to warrant application of equitable tolling

>  where the movant failed to establish he was pursuing his rights diligently beforehand) and Howard v. United States, 2021 WL 409841, at *4 (E.D. Mo. Feb. 5, 2021) (same, and collecting cases holding that a lack of law-library access generally does not warrant equitable relief); see also United States v. Thomas, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) (rejecting a claim of entitlement to equitable tolling premised upon pandemic-related lack of law library access where the movant failed to show he diligently pursued his rights before the lockdown); United States v. Barnes, 2020 WL 4550389, at *2 (N.D. Ok. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he had diligently pursued his claims).

Scott, 2021 WL 3910766, at *3. Assuming without deciding that the pandemic began in March of 2020, Zarco had approximately 10 months prior to any pandemic lockdown to file his Section 2255 motion, and yet he did not. During these 10 months, Zarco filed a motion to appoint counsel, which the Court denied on March 19, 2019, specifically because Zarco had not yet filed a Section 2255 motion. Doc. Nos. 118, 119. Nevertheless, in no time between March 19, 2019, and March of 2020 did Zarco file a Section 2255 motion (or any other motion).

Additionally, Zarco's failure to timely file is not mitigated or excused by his alleged nonexistent access to the law library. Notably, "[p]ro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Anderson, 2022 WL 670124, at *2 (citing first Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); then Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)); see also Simmons v. United States, No. 4:21-CV-729 AGF, 2021 WL 4191616, at *3 (E.D. Mo. Sept. 15, 2021) (citing Kreutzer, 231 F.3d at 463). For example, in Haro, the United States District Court for the District of Nebraska noted that even if petitioner raised the doctrine of equitable tolling, the limitations of the COVID-19 lockdown—which limited petitioner's access to legal documents from the law library and prevented him from making copies—did not justify equitable

tolling. Haro, 2020 WL 5653520, at *4 (citing Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)).  As such, Zarco's lack of access to the law library is not sufficient to warrant equitable tolling.

Relatedly, the Court is not convinced that Zarco's "access to sending outgoing mail was non-existent."  Again, during this timeframe Zarco filed several other motions with this Court. See Doc. No. 122 (docketed on April 6, 2020); Doc. No. 123 (same); Doc. No. 125 (docketed on April 24, 2020); Doc. No. 127 (docketed on May 29, 2020).  Accordingly, under the specific facts of this case, the Court is not convinced that Zarco was completely hamstrung by COVID-19 protocols such that he could not diligently pursue his rights in filing a Section 2255 motion.

In sum, after careful review and consideration, and on the specific facts of this case, the Court concludes that Zarco has failed to demonstrate that he was diligently pursuing his right to file a Section 2255 motion and that extraordinary circumstances stood in his way.  As a result, the Court concludes equitable tolling does not apply, and Zarco's Section 2255 motion is time barred.

### III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' arguments, and the relevant law.  As noted above, Zarco's Section 2255 motion is time barred, not subject to equitable tolling, and the Court need not address the merits of his claims.  Accordingly, the Court **DENIES** Zarco's motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255 and motion for appointment of counsel (Doc. Nos. 131, 132).  The Court also **ORDERS**:

(1) The Court certifies that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

2) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or

otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 252 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under Section 2255(c)). If the petitioner desires further review of her petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated this 9th day of May, 2022.

                                              */s/ Peter D. Welte*
                                              Peter D. Welte, Chief Judge
                                              United States District Court